# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

SANTEZ MILLER, ADC # 161473                                    PLAINTIFF

v.                              5:15CV00291-KGB-JJV

GERALD ROBINSON, Sheriff,
Dub Brassell Detention Center; *et al.*                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.    Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence to be proffered at the new hearing (if such a  hearing is granted) was not offered at  the hearing before the Magistrate Judge.

3.    The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.      INTRODUCTION

Santez Miller ("Plaintiff") filed this action *pro se* and pursuant to 42 U.S.C. § 1983 (Doc.

No. 2).  He alleges Defendants violated his constitutional rights by denying him adequate medical

care and failing to protect him from attacks by other inmates.  (*Id*. at 4-5.)  After review of Plaintiff's

Complaint, I find he has failed to state a claim upon which relief may be granted.

## II.     SCREENING

The  Prison  Litigation  Reform  Act  (PLRA)  requires  federal  courts  to  screen  prisoner

complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are

legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams,* 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing

*pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent,* 780

F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

## III.   ANALYSIS

Plaintiff alleges he sustained nerve damage to his back during his incarceration at the W.C. "Dub" Brassell Adult Detention Center. (Doc. No. 2 at 4.) He claims an unnamed doctor provided him with ineffective medication for this condition and his requests for transport to a hospital have been declined. (*Id*.) Next, Plaintiff alleges he has been attacked in his cell by other inmates. (*Id*. at 5.) He states he has submitted grievances requesting a cell transfer, but these have gone unanswered. (*Id*.)

Plaintiff lists four Defendants - Gerald Robinson, Greg Bolin, Edward Adams, and Tyra Tyler - in the style of his Complaint. (*Id*. at 1-2.) Only Defendant Adams receives any mention in his Statement of Claim, however. After my initial review of Plaintiff's Complaint, I offered him a chance to amend in order to specify how each of the named Defendants personally violated his rights. (Doc. No. 3 at 2.) Plaintiff was afforded thirty days to submit an Amended Complaint, but he has not done so. Absent any specific allegations against Defendants Robinson, Bolin, and Tyler, I find they should be dismissed without prejudice.

Plaintiff is also silent as to how Defendant Adams violated his right to adequate medical care or personally failed to protect him. His lone allegation against this Defendant is that he fears Adams will "throw him back in the pod" if he directly petitions another correctional officer for protection.

(Doc. No. 2 at 5.)  This claim is purely speculative and cannot be pursued in a section 1983 action.

*See Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) ("Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation.").

If Plaintiff wishes to elaborate on his current allegations, he will have a final opportunity to do so in his objections to this recommendation.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.      Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 27th day of October, 2015.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."